■ In the Matter of ROBERT L. DOMINO, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Respondent.— This is an article 78 proceeding in which petitioner seeks to review his 30-day suspension of license to operate an automobile, which suspension was based on section 510 (subd. 3, par. [c]) of the Vehicle and Traffic Law. That section states: "Such licenses * * * may be suspended or revoked: * * * (c) for gross negligence in the operation of a motor vehicle * * * in a manner showing a reckless disregard for life or property of others". The substantial facts are not in dispute. On Sunday evening, September 3, 1961, at about 9:00 P.M. on Route 20 in the City of Albany, the petitioner's automobile ran into the rear-end of an automobile driven by Alice Brunk. The accident happened on a four-lane highway, straight and level. The weather was good and the road dry. At the point of impact Mrs. Brunk's automobile was in the passing lane, preparing to make a left turn at a "T" intersection, which was controlled by a blinker light. Mrs. Brunk testified that her left rear directional light signal was on before she stopped her automobile and that it continued to be on as she was stopped for some time before the crash. The petitioner stated he did not see the signal and was unable to give any reasonable explanation for failing to see the vehicle in time to stop. A disinterested witness testi-

fied he saw the Brunk automobile stopped at the intersection with the left rear directional signal flashing; that he saw the automobile of the petitioner approaching at a fast rate of speed — exceeding the 40-mile speed limit — and that it continued onward until it crashed into the rear of the Brunk automobile. Both automobiles were damaged and Mrs. Brunk and a passenger in the petitioner's automobile required medical attention. The issues raised by the petitioner in this proceeding are factual and the determination made by the Commissioner is supported by substantial evidence. The credibility of the witnesses was likewise for the Commissioner's determination and we cannot say he was in error in accepting the testimony of Mrs. Brunk and the disinterested witness. Under such circumstances as here, it is difficult to find any excuse which justifies the rear-end collision and the finding of gross negligence was warranted. (*Matter of Kelley* v. *Kelly*, 5 A D 2d 913, 914; *Matter of Nicholls* v. *Hults*, 13 A D 2d 1009, affd. 11 N Y 2d 683.) Determination unanimously confirmed, without costs. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.